UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Michael Gerard Naessens,<br><br>    Plaintiff<br><br>v.<br><br>Las Vegas Metropolitan Police Department, et al.,<br><br>    Defendants | Case No.: 2:22-cv-01438-JAD-DJA<br><br>**Order Granting Motions to Dismiss**<br><br>[ECF Nos. 19, 24] |

      Pro se plaintiff Michael Naessens sues the Las Vegas Metropolitan Police Department (Metro); retired Philadelphia police detective Lawrence Richardson, Jr.; and Philadelphia Assistant District Attorney Amanda Hedrick for malicious prosecution and for violating his federal civil rights during his arrest and detention in Las Vegas, Nevada. Richardson and Hedrick move to dismiss the claims against them, arguing that this court lacks personal jurisdiction over them because they are not Nevada residents and have no regular contact with this forum, and "none of Richardson's and Hedrick's alleged wrongdoing took place in Nevada."[1] Because the record does not support this court's exercise of personal jurisdiction over these two defendants, I grant their motion to dismiss.

      Separately, Metro moves to dismiss the claims against it, arguing that Naessens has failed to plead sufficient facts to support a municipal-liability claim under 42 U.S.C. § 1983, and Metro cannot be a defendant in a malicious-prosecution claim under Nevada Revised Statute (NRS) 199.310. Because Naessens has not identified a specific municipal policy or custom that caused the alleged violations of his constitutional rights, and Metro is not a proper defendant in his

---

[1] ECF No. 19 at 4.

malicious-prosecution action, I grant Metro's motion to dismiss the claims against it. But I give Naessens leave to amend his § 1983 claim against Metro if he can plead the requisite policy or custom that caused his constitutional injury.

**Discussion**

**I. Naessens's claims against Richardson were dismissed with prejudice in a separate action, so he is precluded from bringing them again here.**

Naessens sued Richardson in a separate case before this court,[2] asserting the same claims there that he does here.[3] The parties in that case stipulated to, and I ordered the dismissal of, Naessens's claims against Richardson with prejudice.[4] Because a dismissal with prejudice bars "the plaintiff from returning later, to the same court, with the same underlying claim,"[5] Naessens is precluded from asserting the same malicious prosecution and § 1983 claims against Richardson in this case. I thus grant Richardson's motion to dismiss the claims against him.

**II. Naessens's claims against Hedrick must be dismissed because this court lacks personal jurisdiction over her.**

*A. A plaintiff can sue an out-of-state defendant in this court only if the defendant has a constitutionally sufficient connection to this forum.*

The Fourteenth Amendment limits a forum state's power "to bind a nonresident defendant to a judgment of its courts,"[6] and Federal Rule of Civil Procedure 12(b)(2) authorizes a court to dismiss a complaint for lack of personal jurisdiction. To determine its jurisdictional

---

[2] Case No. 2:22-cv-01473-JAD-VCF.

[3] Naessens used identical language in the complaints in both of his cases to describe the nature of his claims against Richardson. *Compare* ECF No. 6 at 14–15 *with* ECF No. 5 at 13–14 in Case No. 2:22-cv-01473-JAD-VCF.

[4] ECF No. 31 in Case No. 2:22-cv-01473-JAD-VCF.

[5] *Semtek Intern. v. Lockheed Martin Corp.*, 531 U.S. 497, 505–06 (2001) (cleaned up).

[6] *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)).

Case 2:22-cv-01438-JAD-DJA   Document 49   Filed 06/16/23   Page 3 of 11

reach, a federal court must apply the law of the state in which it sits.[7]  Because Nevada's long-arm statute reaches the constitutional zenith,[8] the question is whether jurisdiction "comports with the limits imposed by federal due process."[9]  A court may only exercise jurisdiction over a nonresident defendant with sufficient "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[10]

The law recognizes two categories of personal jurisdiction.  The least common of these categories is "general jurisdiction," which exists when the defendant has "continuous and systematic" contacts with the forum state—contacts so pervasive that they "approximate" the defendant's "physical presence" in the forum state.[11]  Naessens does not appear to argue that Hedrick has submitted herself to the general jurisdiction of this court, and nothing in this record even hints that she has the continuous and systematic contacts with Nevada necessary to make such a finding.  Indeed, Naessens offers nothing to refute Hedrick's declaration that she has never lived in or conducted business in Nevada.[12]

The more commonly occurring variety of personal jurisdiction is "specific jurisdiction," which "focuses on the relationship among the defendant, the forum, and the litigation."[13]  "The

---

[7] *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (citing Fed. R. Civ. P. 4(k)(1)(A)).

[8] Nev. Rev. Stat. § 14.065.

[9] *Walden*, 571 U.S. at 283 (quoting *Daimler AG*, 571 U.S. at 125).

[10] *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).

[11] *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

[12] ECF No. 19 at 5.

[13] *Walden*, 571 U.S. at 283–84 (quoting *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 775 (1984)) (internal quotation marks omitted).

3

plaintiff cannot be the only link between the defendant and the forum,"[14] and "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum [s]tate" either.[15] The Ninth Circuit applies a three-prong test to determine whether the court may exercise specific jurisdiction over an out-of-state defendant: (1) the defendant "must have performed some act or consummated some transaction with the forum by which it purposefully availed itself of the privilege of conducting business" in the forum state; (2) the plaintiff's claims "must arise out of or result from [those] forum-related activities; and (3) the exercise of jurisdiction must be reasonable."[16] To satisfy the purposeful-availment first prong in a tort case like this one, the plaintiff must show that the defendant (1) "committed an intentional act," (2) "expressly aimed at the forum state," and (3) "causing harm that the defendant [knew was] likely to be suffered in the forum state."[17] Express aiming requires something more than just "untargeted negligence"; the defendant's conduct must be intended to reach a person "whom the defendant knows to be a resident of the forum state."[18] And the harm prong requires that the defendant's actions be "performed for the very purpose of having their consequences felt in the forum state."[19]

---

[14] *Id.* at 285 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985)).

[15] *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

[16] *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); *see also Schwarzenegger*, 374 F.3d at 802 (noting that the plaintiff bears the burden of establishing the first two prongs).

[17] *Axiom Foods v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069 (9th Cir. 2017) (citations omitted).

[18] *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087–88 (9th Cir. 2000), *overruled in part on other grounds by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006) (en banc).

[19] *Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257, 1260 (9th Cir. 1989).

### B.  Hedrick lacks the connection to Nevada necessary for Naessens to sue her in this court.

Naessens argues that Hedrick's contact with this forum involved an "extradition warrant that she signed," leading to Naessens's arrest in Nevada.[20] But no authority supports the proposition that an official's mere signing of an extradition warrant subjects her to personal jurisdiction in whichever state the plaintiff is arrested in. In fact, courts across the country have regularly said the opposite.[21]

Instructive here is the Ninth Circuit case of *Lee v. City of Los Angeles*.[22] In *Lee*, the court addressed whether a California federal court had personal jurisdiction over New York officials who worked with California law enforcement to "arrange the extradition of the purported fugitive" by using the California criminal justice system to do so, sending the California officers an identification packet, regularly communicating with them during the extradition process, and "traveling to Los Angeles to escort the purported fugitive back to New York."[23] The Ninth Circuit found that some of the New York officials had "purposefully availed themselves of the privilege of conducting activities in California" due to the extent of their actions in pursuing and facilitating Lee's extradition.[24] But the court also affirmed the lower court's decision to dismiss

---

[20] ECF No. 6 at 9, 15.

[21] *See, e.g., Rogers v. City of Hobart*, 996 F.3d 812, 820 (7th Cir. 2021) (holding that the issuance of an arrest warrant for a forum resident was insufficient to establish personal jurisdiction because doing so was not an affirmative action in the forum nor purposefully designed to have an effect in the forum); *Doe v. Delaware State Police*, 939 F. Supp. 2d 313, 334 (S.D.N.Y. 2013) ("courts nationwide . . . have regularly . . . rejected assertions of personal jurisdiction against out-of-state law enforcement officials who have merely issued warrants and lodged their warrants in nationwide databases") (collecting cases).

[22] *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001).

[23] *Id.* at 693.

[24] *Id.*

5

for lack of personal jurisdiction the claims against other New York officials "who did not significantly participate in the extradition of [the plaintiff] and whose interaction with [him] took place solely in New York State."[25]

Unlike Lee, Naessens makes no allegations that Hedrick sent any communication or material into this forum or traveled here for the purposes of extraditing him. Neither does he refute Hedrick's declaration that she has never interacted with Metro.[26] Thus, Hedrick is more similar to the *Lee* defendants who had no significant participation in the extradition process than the officials who regularly communicated with forum authorities and traveled to the forum state to extradite the plaintiff. Put simply, Hedrick's only contact with Nevada occurred because Naessens happened to reside here, so Naessens would have felt the same harm "wherever . . . [he] might have resided."[27]

Naessens's procedural arguments are also unavailing. He contends that there is a "[m]aterial [c]ontradictory [s]tatement" in Hedrick's declaration about whether she had ever communicated with former Philadelphia Assistant City Solicitor Andrew Barron.[28] But Naessens fails to explain how Hedrick's communication with another Philadelphia official is relevant to this Nevada-centric personal-jurisdiction analysis. He also argues that the court has jurisdiction over Hedrick because her "actions are at [the] very least so involved in the actions of Nevada['s] judicial system and prison medical burdens that [Metro] has an Interpleader position against" her.[29] But Hedrick was not brought into this action by interpleader; Naessens filed suit

---

[25] *Id.* at 692.
[26] ECF No. 19 at 5.
[27] *Walden*, 571 U.S. at 290.
[28] *Id.* at 5.
[29] ECF No. 23 at 4.

against her directly. And no defendant has filed crossclaims or counterclaims against any other defendant. Regardless, that Metro could have an interpleader action against Hedrick is immaterial—Hedrick's contacts were not directed at Nevada and do not confer jurisdiction here. So I grant Hedrick's motion to dismiss Naessens's claims against her for want of jurisdiction.

**II.    I grant Metro's motion to dismiss with leave to amend Naessens's municipal-liability claims against it.**

    *A.    A plaintiff must plead enough true facts to establish all elements of a legal cause of action.*

Federal pleading standards require a plaintiff to include in his complaint enough factual detail to "state a claim to relief that is plausible on its face."[30] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation";[31] plaintiffs must make direct or inferential factual allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[32] A complaint that fails to meet this standard must be dismissed.[33]

Federal courts must also interpret all pleadings "so as to do justice,"[34] and the Supreme Court has consistently held that pro se pleadings like Naessens's are "to be liberally construed."[35] So a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his

---

[30] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
[31] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[32] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).
[33] *Twombly*, 550 U.S. at 570.
[34] Fed. R. Civ. P. 8(e).
[35] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation omitted).

claim [that] would entitle him to relief."[36]  If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment.[37]

### B. Metro is not a proper defendant in Naessens's malicious-prosecution claim.

Naessens brings a malicious-prosecution claim under NRS 199.310, which imposes liability on a "person who maliciously and without probable cause" arrests or brings proceedings against an innocent person.[38]  But, as Metro argues,[39] the Nevada Revised Statutes' definition of a person "does not include a government, governmental agency[,] or political subdivision of a government."[40]  Because Metro is a governmental agency, it is not a suable person under NRS 199.310, so I grant its motion to dismiss Naessens's malicious-prosecution claim against it with prejudice because this claim cannot be saved by amendment.

### C. Naessens has not alleged sufficient facts to plead a § 1983 municipal-liability theory against the police department.

The Supreme Court of the United States recognized in the case *Monell v. Department of Social Services* that a municipal government can be held liable for a deprivation of a federal right under § 1983 for constitutional injuries resulting from "(1) an official policy; (2) a pervasive practice or custom; (3) a failure to train, supervise, or discipline; or (4) a decision or act by a final policymaker."[41]  An entity like Metro cannot be held vicariously liable for its employees'

---

[36] *Id.* (cleaned up).

[37] *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

[38] Nev. Rev. Stat. § 199.310.

[39] ECF No. 24 at 20.

[40] Nev. Rev. Stat. § 0.039.

[41] *Horton v. City of Santa Maria*, 915 F.3d 592, 602–03 (9th Cir. 2019); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

actions simply "because it employs someone who is found to have violated a person's constitutional rights"; the plaintiff must show "deliberate action attributable to the [agency] that directly caused a deprivation of federal rights."[42]  To properly raise a claim against Metro, Naessens must plead facts showing that he was deprived of a constitutional right and that the department caused this violation by its own policy, practice, failure to train, or direct act, rather than by the actions of individual officers.

Naessens alleges that, during his 30-day detention at the Clark County Detention Center, Metro failed to provide sufficient medical care for a cut on his face and, during his "hypertensive emergency," denied him access to his CPAP machine, locked him outside in an exercise pen for an hour, physically abused other prisoners, and placed him in unsanitary holding cells.[43]  But even taking these facts to be true, they do not support a *Monell* claim against Metro.  At no point does Naessens identify an express municipal policy that caused the violation of his rights.  And though he points to numerous instances of alleged constitutional violations, Naessens does not identify any pattern or connection between them that would show a "widespread practice that, although not authorized by written law or express municipal policy, [was] 'so permanent and well settled as to constitute a custom or usage' with the force of law."[44]

Neither does Naessens plead facts showing a failure-to-train theory of liability or identify a decision by a final policymaker connected to his constitutional harms.  Though he states that the "Sheriff entrusted Captain William Teel to run" the facility in which he was held,[45] Naessens doesn't provide any facts showing that Teel ratified any decisions leading to the violations that

---

[42] *Horton,* 915 F.3d at 602–03 (cleaned up).

[43] ECF No. 6 at 11–13.

[44] *City of St. Louis v. Praprotnik*, 485 U.S. 112,127 (1988) (*quoting Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–68 (1970)).

[45] ECF No. 6 at 11.

Naessens alleges. Because Naessens did not plead sufficient facts to demonstrate a specific municipal policy or custom resulting in his alleged constitutional violations, I grant Metro's motion to dismiss the claims against it. But because I am not yet convinced that Naessens cannot plead such facts, I grant him leave to amend this claim only.

### IV.    I grant Naessens leave to amend his § 1983 claims against Metro only.

Naessens is given leave to amend only his § 1983 municipal-liability claims against Metro. He may not reassert his malicious-prosecution claim against Metro or any claims against Richardson or Hedrick. In each cause of action against Metro, he must allege true facts sufficient to show how it violated his civil rights under *Monell*. If Naessens chooses to file an amended complaint, he should write the words "First Amended" above the words "Complaint for Violation of Civil Rights" in the caption. Naessens is cautioned that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself.[46] His amended complaint must therefore contain all the factual allegations supporting his § 1983 *Monell* claim against Metro.

### Conclusion

IT IS THEREFORE ORDERED that Richardson's and Hedrick's motion to dismiss **[ECF No. 19] is GRANTED**. Naessens's claims against Richardson and Hedrick are dismissed for want of personal jurisdiction, and the Clerk of Court is directed to TERMINATE Richardson and Hedrick as parties.

---

[46] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that, for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

IT IS FURTHER ORDERED that Metro's motion to dismiss **[ECF No. 24] is GRANTED**. **Naessens's claim against Metro for malicious prosecution is DISMISSED with prejudice, and his § 1983 *Monell* claim against Metro is DISMISSED without prejudice and with leave to amend by July 17, 2023**. All the factual allegations supporting his § 1983 claim against Metro must be included in the amended complaint, which he must title "First Amended Complaint for Violation of Civil Rights." If Naessens does not file an amended complaint by July 17, 2023, his § 1983 claim against Metro will be dismissed with prejudice, and the case will be closed without further notice.

The Clerk of Court is directed to SEND Naessens a form civil-rights complaint for non-prisoners.

_____
U.S. District Judge Jennifer A. Dorsey
June 16, 2023